BORDEN CO., et al v. MILK COMMISSION (No. 3).

No. 15685.

Circuit Court, Leon County.

June 23, 1961.

Bedell & Bedell and Loftin & Wahl, all of Jacksonville, and Mabry, Reaves, Carlton, Fields & Ward, Tampa, for plaintiffs.

Clayton, Arnow, Duncan, Fields & Ward, Gainesville, for defendants.

Scruby & Yonge, Orange Park, for intervenors.

BEN C. WILLIS, Circuit Judge.

*Final decree pursuant to Supreme Court mandate, June 23, 1961:* Pursuant to the mandate of the Supreme Court of Florida, pursuant to the order on rehearing in this cause (121 So. 2d 625, page 636) remanding this cause for the entry of a decree consistent with the opinion of the Supreme Court, it is accordingly ordered, adjudged and decreed that —

(1) The final decree dated August 12, 1958, recorded in chancery order book 67, pages 117-129 of the public records in the office of the clerk of the circuit court [13 Fla. Supp. 38] is hereby amended so as to expunge therefrom any and all portions inconsistent with the opinion of the Supreme Court and is further amended by including therein by reference the whole of the said opinion.

(2) All portions of said final decree consistent with the Supreme Court opinion are adhered to and readopted.

(3) To implement the provisions of subparagraphs (1) and (2) above and provide greater clarity, the following portion of the final decree is specifically stricken, to-wit —

On page 8, commencing with the paragraph which starts with the words "The written and oral notices given by the plaintiff to their respective producers —" and continuing thereafter through the remainder of page 8, thence through page 9 and onto page 10 and ending at the conclusion of the second complete paragraph on page ten, the final words being: " — advance notice for rejecting class II and III milk." [13 Fla. Supp. pages 44 and 45].

(4) In lieu of the stricken portion, the following declarations are made —

(a) The written and oral notices given by the plaintiffs to their respective producers, as set forth in the plaintiff's complaint, are not adequate to constitute reasonable advance (in writing 90 days before effect) notice of a rejection of milk which would be delivered pursuant to a previous course of dealing. Such notices do not advise the recipients of just what amount of milk would be rejected. The terms are vague and speculative and wholly inadequate to apprise the producer of what is to be done or not done. Furthermore none of the notices purported to or did constitute 90 days advance notice of the limitations sought to be applied.

(b)  This court is fully cognizant that it has neither the power nor the propriety to directly or indirectly render a declaratory judgment as to the interpretation or construction of a Supreme Court (or other appellate court) opinion. However, in order to render the declarations called for in the pleadings and which are deemed ripe for summary pronouncement, it is thought at least desirable to explain the undersigned judge's understanding of the holding of the Supreme Court in the matters now pertinent.

(c)  As I read the pronouncement of the high court, a distributor has the right to reject milk from a producer which is delivered or available for delivery in ordinary continuance of a previous course of dealing, provided the distributor gives not less than 90 days advance notice in writing of such rejection. This conclusion is found by construing F. S. 501.09(3) as recognizing the right of a milk dealer to reject on reasonable advance notice any milk delivered by a producer in ordinary continuance of a previous course of dealing.

Then, by resorting to F. S. 501.05 there is found a meaning of the term "reasonable advance notice" as including "ninety days notice in writing". Thus 90 days advance notice is deemed to have been legislatively found to be reasonable so far as time is concerned. F. S. 501.05 mentions "ninety days" only in connection with the *complete termination* of a previously established relationship between a dairy farmer and distributor. However, the Supreme Court has ruled that its appearance there reveals a clear legislative intent that the same period of time shall be conclusively deemed to be reasonable advance notice of rejection of milk which otherwise would be delivered in ordinary continuance of a previous course of dealing.

(d)  As I understand it, the law of this case is —

(1)  The commission validly provided for the establishment of contractual relationships between dealers and producers by prescribing the base fixing procedures and dealings consequent thereto; and

(2)  Such contractual relationships may be terminated completely by the giving of 90 days written notice prior to the standard date set by the commission (the standard date is set in order no. 20-7 as the date of beginning of a base fixing period); and

(3)  A milk dealer may reject any milk a producer would deliver in the ordinary continuance of a course of dealing established by the base fixing procedures,

provided he gives the producer ninety days advance notice in writing of such rejection.

(e) It would appear to also be implicit that in addition to complying with the time prescription and the requirement of being in writing, such a notice, to be effective, must be explicit as to what milk, in quantity and identity, will be rejected. The producer is entitled to know 90 days in advance precisely the extent the ordinary course of dealing is to be modified. Unless the notice has such clarity it is not a "reasonable" notice. The contractual relationship created by the base fixing procedures embraces a term that the dealer will accept all milk the producer delivers and pay according to the class uses of such milk, unless the dealer gives 90 days written notice of intention to accept less than would otherwise be delivered. Another term of the contract is that it shall be a continuing one until one party or the other shall, 90 days prior to the beginning of a base fixing period, give the other party notice of termination effective at the beginning of such base fixing period.

(5) All portions of the final decree, dated August 12, 1958, not deleted or otherwise rescinded, are by reference reincorporated in this decree.

*Order, June 23, 1961:* This cause came on for hearing before the court on the motions to dismiss by the defendants and the intervenors respectively and on the motion of the defendants to strike, all of said motions being addressed to the supplemental complaint of the plaintiffs filed in this cause and the court having heard argument of counsel for the respective parties and having considered the said complaint and all exhibits submitted in support thereof and being advised of its opinion in the premises, it is thereupon —

Ordered, adjudged and decreed that the motions to dismiss are granted and the supplemental complaint is dismissed. The court has this day rendered and filed its final decree pursuant to Supreme Court mandate. In said decree this court has stated and declared the matters for which the cause was remanded by the Supreme Court. In view of the provisions of said final decree pursuant to Supreme Court mandate, it now appears that the entertainment of the supplemental complaint would serve only to relitigate issues which are determined by said final decree. The court is thus of the view that in the present status of the law of the case the supplemental complaint seeks to present new and independent causes of action and not merely supplemental proceedings consequent upon the adjudications made in this case.

The court is of further view that the supplemental complaint, in the light of the court's final decree pursuant to Supreme Court mandate, merely seeks declaratory and other relief on matters which have already been litigated and determined in this cause.